*In re* MARRIAGE OF SUZANNE MARIE SELF, Petitioner-Appellee, and JAMES H. SELF, Respondent-Appellant (The Department of Public Aid, Intervenor-Appellee).

Fourth District    No. 4—93—1058

Argued May 18, 1994.—Opinion filed August 5, 1994.

COOK, J., specially concurring.

J. Randall Cox (argued), of Feldman & Wasser, of Springfield, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jacqueline M. Zydeck, Assistant Attorney General (argued), of counsel), for appellees.

JUSTICE LUND delivered the opinion of the court:

Respondent James Self appeals from an order of the circuit court of Cass County denying relief from a dissolution order requiring him to maintain health insurance coverage for his daughter from his first marriage. The trial court appears to have concluded that it did not have the power to change a prior agreement of the parties. We affirm for another reason.

Respondent was substantially behind with his child support payments, and he was not maintaining health insurance coverage. He had remarried, had two additional children, and had filed for bankruptcy. At the time of the trial court hearing, he was employed, earning a net weekly take-home income of $362.86. Health insurance, which would have covered him, his spouse, and both his children, was available through his employer at a cost of $200 per month. His child support order required him to pay $50 per week, plus $2.30 on the arrearage. Respondent contends the trial court erred in ruling

that it had no discretion to modify the order on health insurance. He also argues that he presented sufficient evidence to establish that he could not afford to maintain the health insurance. The Illinois Department of Public Aid (Department) intervened in this case, because of the State's contribution for both the support and medical expenses.

Section 505.2(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides as follows:

> "(b) Order. Whenever the court establishes, modifies or enforces an order for child support or for child support and maintenance the court *shall*, upon request of the obligee or Public Office, order that any child covered by the order be named as a beneficiary of any health insurance plan that is available to the obligor through an employer or labor union or trade union. If the court finds that such a plan is not available to the obligor, or that the plan is not accessible to the obligee, the court may, upon request of the obligee or Public Office, order the obligor to name the child covered by the order as a beneficiary of any health insurance plan that is available to the obligor on a group basis, or as a beneficiary of an independent health insurance plan to be obtained by the obligor, after considering the following factors:
>
> (A) the medical needs of the child;
>
> (B) the availability of a plan to meet those needs; and
>
> (C) the cost of such a plan to the obligor." (Emphasis added.) 750 ILCS 5/505.2(b) (West 1992).

The Department stated that section 505.2 of the Act was enacted by the General Assembly effective January 1, 1990 (Pub. Act 86—649, § 2, eff. January 1, 1990 (1989 Ill. Laws 3512, 3525-27)), in part to comply with Federal mandates on child support contained in the Federal "Family Support Act of 1988, Pub. L. No. 100—485, 102 Stat. 2343 (1988); 45 C.F.R. § 302 *et seq.* (1992)" and its regulations. States must comply therewith to receive Federal funds for the program to aid families with dependent children.

Under the rules for statutory construction, the word "shall" ordinarily connotes a mandatory obligation, unless the context of the statute indicates otherwise. (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 33, 485 N.E.2d 321, 323.) We find the first sentence of section 505.2(b) of the Act clear, leaving no room for discretion. The respondent was employed, and the employer had a health insurance program available. The health insurance for himself, his spouse, and both his children would cost 12.7% of his net income. The action before the trial court was for the enforcement of an order of child support, and the Department requested compliance with the statute. The trial court

was required to enforce the health insurance provision of section 505.2 of the Act.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE COOK, specially concurring:

With a weekly take-home income of only $362.86, and with four people dependent on him for support, it is clear respondent is in great difficulty. Respondent has determined that he and his present family cannot afford health insurance. The determination is different for the child of his first marriage, however, not because the trial court found that respondent can afford health insurance, or the trial court found that a reasonable person would maintain health insurance in these circumstances, but because section 505.2 of the Act in compliance with Federal law mandates such coverage. This case was not decided in Cass County, or in Springfield, but in Washington, D.C. Overall the result of Federal mandates on child support has been a positive one, but in many cases the flexibility to come up with a sensible solution on the basis of particular facts has been lost.

During oral argument, counsel for the Department suggested that if respondent could not make these payments he could seek to reduce the $50-per-week child support which he pays petitioner. If petitioner had to choose between food or health insurance she might be expected to choose food, but the fact is she has no choice. The statute is mandatory.